716 A.2d 344

FALLSTON MEADOWS COMMUNITY
ASSOCIATION, INC. et al.

v.

The BOARD OF CHILD CARE OF the BALTIMORE ANNUAL
CONFERENCE OF the UNITED METHODIST CHURCH.

No. 1119, Sept. Term, 1997.

Court of Special Appeals of Maryland.

Aug. 28, 1998.

684

Francis X. Borgerding, Jr. and J. Shawn Alcarese, Towson, for appellants.

Kevin J. Mahoney (Michael E. Leaf and Leaf & Mahoney, P.A., on the brief), Bel Air, for appellee.

Argued before DAVIS and KENNEY, JJ., and ROSALYN B. BELL, Judge (retired), Specially Assigned.

KENNEY, Judge.

On March 1, 1996, the Director of Harford County's Department of Planning and Zoning accepted and approved a preliminary subdivision/site plan submitted by appellee, The Board of Child Care of the Baltimore Annual Conference of the United Methodist Church. On March 25, 1996, appellants, Fallston Meadows Community Association and its president, Salvatore Glorioso, appealed the decision of the Director of Planning and Zoning to the Harford County Board of Appeals. The case was submitted to a hearing examiner, and, after two days of hearings, the hearing examiner recommended that the case be dismissed for lack of subject matter jurisdiction. This decision was subsequently ratified by the Board of Appeals.

Appellant filed two appeals in the Circuit Court for Harford County. The first, filed August 19, 1996 and docketed as case 3692–8–42, was a direct appeal from the decision by the Director of Planning and Zoning to approve the site plan submitted by appellees (the "direct appeal"). The second, filed November 8, 1996 and docketed as case 3742–8–92, sought review of the judgment of the Board of Appeals, ratifying the decision of the hearing examiner (the "appeal of the Board's decision"). Appellees filed a motion to consolidate the two cases, which was granted on May 19, 1997. Thereafter, on May 28, 1997, the circuit court issued an order affirming the judgment of the Board of Appeals and dismissing the direct appeal as untimely. Appellants noted this appeal, raising three questions, which we have rephrased:

I. Did the circuit court err when it determined that the Board of Appeals lacked jurisdiction to review the final site plan?

II. Did the circuit court err when it consolidated both appeals?

III. Did the circuit court err when it ruled that the direct· appeal was not timely filed?

On cross-appeal, appellee raises two questions, which we have rephrased:

I. Was the appeal of the Director of Planning and Zoning's decision to the Board of Appeals timely filed?

II. Did appellants have standing to appeal the approval of the final site plan?

With regard to appellants' questions I, II, and III, we perceive no error. With regard to appellee's first question, we agree that appellants' appeal to the Board of Appeals was not timely filed. We will decline to address appellee's second question, as it was not adequately raised and decided in the court below.[1] Accordingly, we shall affirm the judgment of the circuit court.

## FACTS AND PROCEEDINGS

In 1991, the Board of Appeals granted appellee special exception approval to build a juvenile group home facility on property it owned in Harford County, Maryland. The Board's decision to grant appellee special exception approval was challenged by the same appellants as the appellants in the present case, but the decision was affirmed, first, by the· circuit court, and then by this Court in an unreported opinion.

Appellee obtained original site plan approval in 1993, and, in January 1996, a preliminary subdivision/site plan (the "Plan") was submitted to the Department of Planning and Zoning.

---

1. With regard to Mr. Glorioso, the circuit court specifically stated: "His standing has been questioned because of a question as to the title of his residence, but the question has not been pursued by [appellee]."

On March 1, 1996, the Plan was approved by Mr. Anthony S. McClune, Harford County's Chief of Current Planning, and Ms. Arden Case Holdredge, the Director of Harford County's Planning and Zoning Department. According to the report accompanying their approval, McClune and Holdredge acknowledged that the Plan altered the previously approved preliminary/site plan "by slightly modifying the building locations, stormwater management facility, and septic reserve area." In addition, they noted that the Plan reconfigured the septic reserve area and the forest retention area. Their report indicated, however, that the revisions were "minor in nature" and did "not alter the intent of the original preliminary/site plan."

Appellants objected to the approval of the Plan, arguing that the revisions contained therein constituted substantial modifications to the earlier preliminary/site plan approval and, thus, pursuant to § 267–52(B) of the Harford County Zoning Code, could be approved only by the Board of Appeals.[2] In a letter dated March 14, 1996, Salvatore Glorioso, President of the Fallston Meadows Community Association, informed Ms. Holdredge, who was both the Director of Planning and Zoning and the County Zoning Administrator, of his intention to appeal the Plan approval and requested information on how to "make this appeal officially." In a letter dated March 19, 1996, Ms. Holdredge responded to Mr. Glorioso and explained that "[w]hile I acknowledge receipt of your letter, I am unsure of what type of appeal you are seeking at this time. You may wish to consult your attorney and/or the Hearing Examiner's office regarding the appropriate venue for appeal."

On March 25, 1996, appellants noted an appeal to the Board of Appeals "[t]o request the Zoning Hearing Examiner to compare the revised preliminary site plans with the original site plans." The hearing examiner subsequently conducted

---

**2.** Section 267–52(B) states that "[a] special exception grant or approval shall be limited to the final site plan approved by the Board (referring to the Board of Appeals). Any substantial modification to the approved site plan shall require further Board approval."

hearings on June 10 and 17, 1996. Both appellants and appellee presented several witnesses at the hearings. Appellee argued, *inter alia*, that appellants did not have standing to contest the Plan approval and that appellants had not filed their appeal of the Board's decision within the time required by law.[3] In addition, the Department of Planning and Zoning submitted a staff report to the Hearing Examiner signed by McClune and Ms. Holdredge. This report stated:

> The Department of Planning and Zoning re-affirms its opinion that the revisions between the plan presented to the Board of Appeals, and the plan that received preliminary approval were minor in nature. The new plan reduced the overall number of buildings and the number of students that will reside on the property.... These revisions should be viewed as positive improvements to the property with less impact on the surrounding community. The reduction in the overall number of buildings will have less adverse impacts [sic] on natural features. These revisions do not change the intent or use of the property. Furthermore, the approved preliminary plan meets all of the conditions imposed in Board of Appeals Case 4192. *The Department does not believe that approval of a site plan is a decision or interpretation by the Zoning Administrator that is subject to appeal to the Board.* Further, as neither Applicant is an adjoining property owner, the Department does not believe that Fallston Meadows Community Association, Inc. or Mr. Glorioso have standing to bring this appeal. [Emphasis added.]

The hearing examiner issued his decision on July 30, 1996, finding that the Board of Appeals did not have jurisdiction to review the case. He based his decision, in part, on § 267–7(B) of the Harford County Code, which states:

---

3. Harford County Code § 267–7(E) states that "any decision of the Zoning Administrator shall be in writing and shall be subject to appeal to the Board by any aggrieved person within twenty (20) days of the date of the decision."

The Zoning Administrator or his duly authorized designee shall be vested and charged with the power and duty to:

1. Receive and review complete applications under the provisions of the Part 1 for transmittal and recommendation to the Board.[4]

2. Issue zoning certificates pursuant to the provisions of the Part 1 and suspend or revoke any zoning certificate upon violation of any of the provisions of the Part 1 or any approvals granted hereunder subject to the requirements of this Part 1.

3. Conduct inspections and surveys to determine whether a violation of the Part 1 exists.

4. Seek criminal or civil enforcement for any provision of the Part 1 and take any action on behalf of the county, either at law or in equity, to prevent or abate any violation or potential violation of this Part 1.

5. Render interpretations upon written request of an interested person whose property may be affected as to the applicability of the Part 1 to particular uses and its application to the factual circumstances presented.

6. Design and distribute applications and forms required by the Part 1, requesting information which is pertinent to the requested approval.

7. Perform such duties as are necessary for the proper enforcement and administration of the Part 1.

The Hearing Examiner concluded that nowhere in § 267–7 was the Zoning Administrator given authority to review the subdivision plan approval process. Rather, he noted that "[s]ite plan approval and the review process associated therewith are governed by the Subdivision Regulations promulgated by the Department of Planning and Zoning, which describe in detail the administrative process involved in seeking and obtaining site plan approval." The hearing examiner deter-

---

4. Part I is the "Standards" section of the Harford County Code, which discusses, *inter alia*, the creation and the powers and duties of the Board of Appeals.

mined that the appropriate process for appellants' appeal was governed by § 9.01 of the subdivision regulations, which states:

Any person, taxpayer, officer, department, board or bureau of the County, aggrieved by any decision of said Planning Commission (now the Department of Planning and Zoning) may within thirty days after the filing of such decision in the office of the Planning Commission appeal to the Circuit Court for Harford County. Upon the hearing of such appeal, the decision of the Planning Commission shall be presumed by the Court to be proper and to best serve the public interest. The burden of proof shall be upon the appellant, or appellants, to show that the decision complained of was against the public interest and that the Planning Commission's discretion in rendering its decision was not honestly and fairly exercised, or that such decision was arbitrary, or procured by fraud, or unsupported by any substantial evidence, or was unreasonable, or that such decision was beyond the powers of said Planning Commission and was illegal. The said Court shall have the power to affirm, modify, or reverse in part or in whole any decision appealed from and may remand any case for the entering of a proper order or for further proceedings, as the court shall determine.

An appeal may be taken to the Court of Appeals of Maryland from any decision of the Circuit Court for Harford County.

After reviewing § 9.01, the hearing examiner concluded:

The above appeals process, as recited in the Subdivision regulations, coupled with the absence of any authority for site plan review by the Board in the Zoning Code, leads to the inescapable conclusion that a person aggrieved as a result of the site plan approval process has a right of appeal, not to the Board of Appeals through the Hearing Examiner, but rather, directly to the Circuit Court for Harford County. That this appeal process is the exclusive remedy available to an aggrieved party in regard to plan approval is supported

by the legislative body which provided, in Harford County Code, [Section 267–6(C) ] the following passage:

Notwithstanding the provision of this Part 1, any development shall be subject to the provisions of the Subdivision Regulations, and any other activity requiring the issuance of a permit, license, grant or approval shall be subject to the applicable law.

. . .

The Board of Appeals, and therefore the Hearing Examiner, does not have jurisdictional authority to entertain the instant appeal; that further, the Applicants' avenue of relief is provided in Regulation § 9.01 of the Subdivision Regulations. Accordingly, having found jurisdictional authority to hear the appeal lacking, the Hearing Examiner declines to render decisions regarding the substantive issues which are the subject of the appeal. The Hearing Examiner recommends that the instant case be dismissed.

The hearing examiner acknowledged that § 267–52(B) of the Harford County Code, *supra*, appeared to grant the Board continuing jurisdiction over special exception approvals. The hearing examiner concluded, however, that § 267–52(B)

ignores the real process followed in Harford County. There is no case and indeed no code provision which grants the right of final plat approval to the Board. Generally, applicants seeking special exceptions provide, as part of their application, concept plans which, after approval of their special exception, proceed through the process of approval as described in the Subdivision Regulations. Those regulations allow appropriate input from a variety of sources including various agencies of State, Federal, and local government. As a result of the process, plans that were conceptual in nature during the zoning case, are modified to comply with the recommendations of these various agencies. Adjacent property owners are not prohibited from participation in the process and it appears that the Applicant in

this case has closely followed the preliminary plan approval process from its beginning to the present.

In response to the hearing examiner's decision, and prior to any action by the Board of Appeals, appellants, on August 19, 1996, filed the direct appeal of the Plan approval to the circuit court. On October 15, 1996, the Board of Appeals unanimously adopted and ratified the decision of the hearing examiner. On November 8, 1996, appellants filed the appeal of the Board of Appeals's decision to the circuit court.

On November 20, 1996, appellees filed a motion to consolidate the direct appeal and the appeal of the Board's decision, arguing that both cases involved common questions of fact and law; appellants did not oppose the motion. On February 25, 1997, a hearing was held, and, at the conclusion of the hearing, after remarking that it appeared that the Board of Appeals did, in fact, have jurisdiction to review the Plan approval, the court requested both parties to submit legal memoranda. On May 19, 1997, appellee's motion to consolidate was granted, and, on May 28, 1997, the circuit court issued an order affirming the judgment of the Board of Appeals and dismissing the direct appeal as untimely. The court stated:

> Site plan approval is an administrative function of the Department of Planning and Zoning and its review process is governed by the Subdivision Regulations: Section 267–6(C):
>
>> Notwithstanding the provisions. of the Part 1 [of the Zoning Code], any development shall be subject to the provisions of the Subdivision Regulations, and any other activity requiring the issuance of a permit, license, grant, or approval shall be subject to the applicable law. In Section 267–4, Definitions, any 'development' is defined as 'the construction, conversion, erection, alteration, relocation, or enlargement of any building or structure, . . . and any land disturbance in preparation for any of the above.'

The court went on to conclude:

The [appellants] did not appeal to the Board within twenty days of March 1, 1996, from the Zoning Administrator's

Preliminary Site Plan approval, Code Section 267-7(E). I have doubts as to whether this twenty-day rule is applicable to the situation in this case. It is part of Article II of the Zoning Code which deals with Administration and Enforcement. Whatever the case, any attempted appeal by the [appellants] in this case was to the wrong forum. In Case No. 3742 [the approval of the Board's decision], they entered what might have been a timely appeal, but in Case No. 3692 [the direct appeal], they filed no appeal either to the Board or the Circuit Court until five and a half months later.

Since it is too late for a timely appeal to this Court from the Zoning Administrator's approval, the March 1, 1996 site plan is now an accomplished fact.

## DISCUSSION

### I.

As a preliminary matter, appellee asks us to consider whether appellants have standing to challenge the issues presented on appeal. As indicated, we will decline to address this issue, as it was not decided by the trial court. Md. Rule 8-131. We note, however, that both appellants were parties to the previous appeal to this Court.

### II.

Appellants' first argument is that the circuit court erred as a matter of law when it affirmed the decision of the Board of Appeals to dismiss their appeal based on the lack of subject matter jurisdiction. Specifically, appellants maintain that the approval of the Plan was a zoning administration decision made by Ms. Holdredge in her capacity as the Zoning Administrator. Pursuant to § 267-52(B) of the Harford County Code, *supra*, appellee contends that, because the Plan did not conform exactly to the terms of the special exception previously granted by the Board of Appeals, the Board of Appeals continued to retain jurisdiction over the matter in order to determine whether the approved revisions were substantial.

In other words, appellants argue that the circuit court's holding invalidated the plain language of § 267–52(B).

■ Appellee counters that the hearing examiner, the Board of Appeals, and the circuit court all determined correctly that the Board of Appeals was without jurisdiction to review the approval of the Plan. According to appellee, approval of the Plan was a subdivision administration action and Ms. Holdredge approved the Plan in her capacity as Director of Planning and Zoning and not as the Zoning Administrator. Appellee maintains that the procedures for appealing a decision of the Director of Planning and Zoning concerning a subdivision plan approval are controlled by § 9.01 of the Harford County Subdivision Regulations, *supra*, which provides for direct appeal to the circuit court within thirty days of the date of decision. We agree with appellee.

Pursuant to Md.Code Ann. (1957, 1998 Repl.Vol.), Article 25A, § 5, Harford County, as a charter county, has established its own unique set of rules and regulations pertaining to planning and zoning administration. Under these rules and regulations, Harford County has created separate positions of responsibility and function, which operate under the titles of Director of Planning and Zoning and Zoning Administrator. Although one person holds both titles, the responsibilities and the rules that apply to each position are distinct. In the context of this appeal, it is important to understand that, when dissatisfied with a decision made by Ms. Holdredge, it must be determined if the decision being appealed was made essentially by the Director of Planning and Zoning or by the Zoning Administrator, as there exists a separate and distinct process for seeking review.

The process for review of decisions made by the Director of Planning and Zoning in the subdivision and site plan process is governed by the § 9.01 of the Subdivision Regulations. The review of decisions made by the Zoning Administrator in the zoning process is governed by § 267–7(E) of the County Code. The former provides for a direct appeal of decisions to the circuit court within thirty days of the date of decision. The

latter requires an aggrieved person to file an appeal to the Board of Appeals within twenty days of the date of decision. Thus, both the appropriate forum and the appropriate time period for filing an appeal from a decision made by the individual holding the titles of Director of Planning and Zoning and Zoning Administrator are dependent on the role that the individual was fulfilling at the time the decision to be appealed was made.

After reviewing the applicable regulations and the record in the present case, we agree that submission of the Plan by appellee was a component of the administrative process governed by the subdivision regulations and, thus, the ultimate decision to approve the Plan was made by Ms. Holdredge in her capacity as Director of Planning and Zoning and not as the Zoning Administrator. The determination that the proposed site plan did not represent a substantial change from the plan approved by the Board of Appeals as part of the special exceptions approval is but one implicit component of the overall site plan approval process. Even if that determination is deemed to be made by Ms. Holdredge wearing momentarily her Zoning Administrator's hat in the overall site plan process, the determination has meaning or effect only in the context of the final site plan approval. Therefore, it should be challenged in an appeal from the Plan's final approval. Pursuant to § 9.01 of the subdivision regulations, an appeal of site plan approval is taken directly to the circuit court. Accordingly, the hearing examiner, the Board of Appeals, and the circuit court properly concluded that the Board of Appeals lacked jurisdiction to hear this case.[5]

---

5. We note without holding that, had the Board of Appeals intended to retain greater authority over any revisions to the special exception approval, it could have declared that intention through appropriate conditions imposed with its approval. In this case, however, the Board of Appeals not only declined to exercise this authority but, on review, ratified the hearing examiner's decision, effectively agreeing that it had not retained oversight of the site plan approval process. Obviously, if it were determined that the modifications were substantial the applicant would need the Board's further involvement.

■ Even had we agreed with appellants that the Board of Appeals had jurisdiction in this case, we would still dismiss the appeal of the Board's decision, as it was not timely filed. Both parties agree that § 267-7(E) of the Harford County Development Regulations governs the time period for filing an appeal from a decision of the Zoning Administrator to the Board of Appeals. Section 267-7(E) states:

> Any decision of the Zoning Administrator shall be in writing and shall be subject to appeal to the Board by any aggrieved person within twenty (20) days of the date of the decision.

The Plan, which appellees argue substantively modified the original preliminary/site plan, was approved on March 1, 1996 as indicated by the signature of Ms. Holdredge. On March 4, 1996, the Plan was marked "received" by the Department of Planning and Zoning and, on the same day, a copy of the document was mailed to Mr. Glorioso. Mr. Glorioso filed an appeal to the Board of Appeals challenging the Director's decision on March 25, 1996.

Assuming, *arguendo*, that the decision to approve the Plan was, in fact, made by the Zoning Administrator and not the Director of Planning and Zoning, the record indicates that 24 calender days passed between the day the decision was made and the day appellants filed an appeal to the Board of Appeals. Appellants maintain that, although Ms. Holdredge signed the document on March 1, 1996, a copy of the document was not marked "received" by the Department of Planning and Zoning and mailed to Mr. Glorioso until March 4, 1996. Thus, according to appellants, the time period for filing an appeal to the Board of Appeals did not begin to run until March 4, 1996. Even if the date of the Zoning Administrator's decision was actually March 4, 1996 and not March 1, 1996, appellants' appeal to the Board of Appeals, filed on March 25, 1996, was still filed one day beyond the allotted twenty day time period.

Appellants contend that, pursuant to the time computation guidelines provided in Maryland Rule 1-203, their appeal was timely filed. Md. Rule 1-203 states, in relevant part:

(a) In computing any period of time prescribed by these rules, by rule or order of court, or by an applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not included. If the period of time allowed is more than seven days, intermediate Saturdays, Sundays and holidays are counted; but if the period of time allowed is seven days or less, intermediate Saturdays, Sundays, and holidays are not counted. The last day of the period so computed is included unless:

(1) it is a Saturday, Sunday, or holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or holiday; or

(2) the act to be done is the filing of a paper in court and the office of the clerk of that court on the last day of the period is not open, or is closed for a part of a day, in which event the period runs until the end of the next day which is not a Saturday, Sunday, holiday, or a day on which the office is not open during its regular hours.

(b) In determining the latest day for performance of an act which is required by these rules, by rule or order of court, or by any applicable statute, to be performed a prescribed number of days before a certain day, act, or event, all days prior thereto, including intervening Saturdays, Sundays, and holidays, are counted in the number of days so prescribed. The latest day is included in the determination unless it is a Saturday, Sunday, or holiday, in which event the latest day is the first preceding day which is not a Saturday, Sunday, or holiday.

(c) Whenever a party has the right or is required to do some act or take some proceeding within a prescribed period after service upon the party of a notice or other paper and service is made by mail, three days shall be added to the prescribed period.

Appellants aver that the date of the Zoning Administrator's decision was March 4, 1996, and that, because the Zoning Administrator mailed a copy of her decision to appellants, the time period for filing an appeal pursuant to Rule 1–203(c) was

extended three days to March 27, 1996. In addition, appellants argue that, even if subsection(c) is inapplicable, their appeal was still timely filed because the twentieth day following March 4, 1996 was a Sunday. Thus, they were entitled to file their appeal on Monday, March 25, 1996. We do not agree.

■ The applicability of the Maryland Rules is specified in Md. Rule 1–101. Rule 1–101(a) states that "Title 1 applies to all matters in all courts of this State, except the Orphans' Courts and except as otherwise specifically provided." It is well established that a County Board of Appeals is neither "a court of competent jurisdiction nor judicial tribunal." See *Board of County Com'rs of Cecil County v. Racine*, 24 Md. App. 435, 444, 332 A.2d 306 (1975)(quoting *Knox v. Baltimore*, 180 Md. 88, 93, 23 A.2d 15 (1941)). Accordingly, the Board of Appeals is not subject to the dictates of the Maryland Rules. Rather, the time prescribed for filing appeals is governed by the local regulations, which, in this case, are the Harford County Development Regulations. Section 267–7(E) of these regulations mandates that appeals from decisions of the Zoning Administrator are to be filed to the Board of Appeals within twenty days of the date of the decision. Absent any language indicating an intent to extend the time period for weekends, holidays, or mailings, we interpret this to mean twenty calender days. Thus, regardless of whether the date of the Plan approval was March 1 or March 4, 1996, appellants' appeal, filed March 25, 1996, was filed beyond the allotted time period and, accordingly, should be dismissed.

## III.

Appellants next argue that the trial court erred when it consolidated their direct appeal and their appeal of the Board's decision. We do not agree.

Maryland Rule 2–503(a) provides, in relevant part, that "when actions involve a common question of law or fact or a common subject matter, the court, on motion or its own initiative, may order a joint hearing or trial or consolidation of

any or all of the claims, issues, or actions." Appellants maintain that the trial court erred in consolidating their appeals because each appeal involved a separate and distinct question of law. Specifically, appellants contend that the appeal of the Board's decision concerned an interpretation of § 267-52(B) of the Harford County Code and that the direct appeal concerned an interpretation of § 9.01 of the Harford County Subdivision Regulations.

■ Assuming, *arguendo*, that each of the two cases did involve separate and distinct issues of law, we still hold that the consolidation of these cases is consistent with the dictates of Rule 2–503(a). Rule 2–503(a) provides for consolidation of cases in circumstances where cases have common issues of law *or* common issues of fact *or* a common subject matter. Here, there is no dispute that both cases share a common factual background and a common subject matter. Thus, pursuant to Rule 2–503(a), the consolidation of the appeals was appropriate.

## IV.

■ Appellants' final argument is that the circuit court erred in determining that the direct appeal was not timely filed. We do not agree.

Appellants filed the direct appeal on August 19, 1996, five and a half months after the Director of Planning and Zoning made her decision to approve the final site plan. The circuit court concluded that, pursuant to § 9.01 of the Subdivision Regulations, *supra*, a direct appeal of a decision by the Director of Planning and Zoning had to be filed within thirty days of the date of that decision. Thus, because the direct appeal was not filed within thirty days of March 1, 1996, the circuit court held that the appeal was not timely.

Appellants argue that they sought advice from Ms. Holdredge as to the proper procedures for filing their appeal and were deliberately misled into filing in the wrong forum. This argument is without merit. A reading of Ms. Holdredge's letter to appellants reveals only that she was "unsure" of

appellants' objectives and that, in her opinion, it would be prudent for appellants to consult an attorney to determine the appropriate course of action. There is no evidence in the record to support appellants' allegations that Ms. Holdredge attempted intentionally to frustrate their efforts to appeal her decision.

In addition, appellants argue that, even if their appeal of the final site plan approval to the Board of Appeals was noted in the improper forum, it should have been transferred directly to the circuit court and not dismissed because it was filed within thirty days of the date of decision. Appellants cite Maryland Rule 8–132 as authority for this proposition. Notwithstanding the fact that Rule 8–132 applies only to the transfer of cases from the Court of Appeals or the Court of Special Appeals to courts with appropriate jurisdiction, we have already noted that the Board of Appeals is not subject to the dictates of the Maryland Rules. In other words, there exists no provision for the Board of Appeals to transfer an improperly filed appeal to the circuit court. Accordingly, we hold that appellants' direct appeal was properly dismissed.

**JUDGMENTS AFFIRMED.**

**COSTS TO BE PAID BY APPELLANTS.**